# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WANDA ROBINSON,

        Plaintiff

      v.                     C-1-06-848

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 18), defendant's objections (doc. no. 20) and plaintiff's response thereto (doc. no. 21). Plaintiff, a Disability Insurance and Supplemental Security Income claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the defendant denying plaintiff's application for disability insurance benefits. In his Report and Recommendation, the Magistrate Judge concluded that the defendant's decision denying plaintiff disability benefits is not supported by substantial evidence and recommended that the case be remanded for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g).

**I.**

Plaintiff, Wanda Robinson, was born on May 25, 1958, and was 46 years old at the time of the Administrative Law Judge's first decision, and 47 years old at the time of the ALJ's second decision. Plaintiff has a ninth grade education and past work experience as a certified nursing assistant and cashier. Plaintiff filed applications for DIB and SSI alleging disability since September 1, 2002, due to diabetes, hypertension, headaches, depression, and pain in her back, hand and leg. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested and was granted a de novo hearing before an ALJ. On December 7, 2004, plaintiff, who was represented by counsel, appeared and testified at a hearing. A medical advisor and vocational expert also appeared and testified. On May 24, 2005, the ALJ denied plaintiff's applications for benefits.

Plaintiff appealed and the Appeals Council remanded the case for further proceedings. The ALJ was ordered to resolve an inconsistency in the residual functional capacity finding.

A supplemental hearing was held on February 21, 2006. Plaintiff, who was again represented by counsel, appeared and testified. A vocational expert also testified.

On March 28, 2006, the ALJ issued a decision denying plaintiff's DIB and SSI applications. The ALJ determined that plaintiff suffers from severe impairments of chronic spinal sprain/strain and degenerative joint disease of the left leg with residual effects of left knee arthroplasty including reflex sympathetic dystrophy, but that such impairments do not alone or in combination meet or equal the level of severity described in the Listing of Impairments. The ALJ determined that plaintiff's allegations of disability are not supported and less than credible. According to the ALJ, plaintiff retains the residual functional capacity (RFC) for a full range of sedentary work, with the exception that she should be permitted to alternate between sitting and standing as needed with the opportunity to stand as much as five minutes per hour (but not necessarily at any one time). The ALJ determined that although plaintiff does not have the functional capacity to perform her past relevant work, she is able to perform a significant number of jobs in the national

economy such as order clerk and final assembly. The ALJ further determined that if plaintiff was restricted to performing low-stress work or simple two-step tasks, she would nevertheless be capable of performing between 1,700 and 1,900 of the jobs previously cited. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

Plaintiff requested review by the Appeals Council. The Appeals Council denied plaintiff's request for review, making the decision of the ALJ the final administrative decision of the Commissioner.

## II.

Defendant has made specific objections to the recommendation of the Magistrate Judge that the defendant's decision denying disability benefits to the plaintiff is not supported by substantial evidence and the case be remanded to the defendant for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g).

**Defendant specifically objects to the recommendations of the Magistrate Judge that the ALJ improperly weighed the treating physician's opinions and failed to explain adequately his reasons for finding the treating physician's opinions inconsistent with the record. Defendant further argues that the ALJ's rejection of the treating physician's opinions represents a credibility determination which this Court may not disturb absent a compelling reason, plaintiff's disabling conditions are neither overwhelming nor strong, the Magistrate Judge impermissibly re-weighed evidence and made his own residual functional capacity conclusion, plaintiff has the ability to perform a reduced range of sedentary work with a sit/stand option and the appropriate remedy is remand for consideration of the evidence, not for the award of benefits.**

**The plaintiff has responded to the defendant's objections (doc. no. 21). Plaintiff argues that the recommended reversal of the case in Document No. 15 should be affirmed. Document No. 15 is a Motion for Extension of Time. This argument is rejected; however, the Court will consider the plaintiff's argument as applying to Document No. 18, which is the Report and Recommendation of the Magistrate Judge.**

**Plaintiff next argues that the opinions of plaintiff's treating physicians are entitled to controlling weight because the opinions are consistent and overwhelmingly supported by objective medical evidence which the ALJ discarded with the simple statement that the treating source opinions must have been based on the uncritical acceptance of the plaintiff's subjective complaints. Clearly, the ALJ failed to explain how the opinions of the treating physicians were inconsistent with one another or with the objective evidence.**

**Further, plaintiff argues that a remand would merely involve the presentation of cumulative evidence and is unnecessary.**

### III.

**Judicial review of the defendant's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the defendant's findings of no disability. The defendant's findings should stand, if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.***

*Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 91983).

Pursuant to its review of the entire record, the Court determines that the ALJ failed to set forth in his decision a reasoned basis for rejecting the opinions of plaintiff's treating physicians and he failed to explain how these opinions were inconsistent with the other evidence in the record. In view of the ALJ's failure to articulate why the treating physician's assessments are not supported by the medical evidence in the record, this Court concludes the defendant's findings are not supported by the substantial evidence in the case, particularly because the record is replete with objective and clinical findings supporting the treating physician's opinions. The ALJ's assertion that Dr. Lichota's assessment was based on her uncritical acceptance of plaintiff's complaint is simply not supported by the substantial evidence in the case.

It is clear in this record that the non-examining state agency doctors and medical advisor opinions offered in April and July, 2003 did not consider any medical records post-dating July, 2003. Their opinions were that plaintiff could perform light work; however, the record clearly demonstrates that even Dr. Hutson, who testified at the first hearing, disagreed with their conclusions as did the ALJ. Thus, their opinions are not supported by the record. Defendant states that Magistrate Judge Hogan did not agree with the ALJ's evaluation of "Dr. Hogan." I assume this is a typographical error, however, it emphasizes inaccuracies of the opinions of Drs. Holbrook and Albert.

Dr. Hutson gave his opinion without all of the medical records, including 2005 test results. Dr. Hutson could have reviewed these test results and explained them at the second hearing before the ALJ. This was not a minimal error on the ALJ's part.

The medical opinions of Drs. Hutson, Holbrook and Albert are not substantial evidence supporting the ALJ's determination denying disability benefits in this case. The ALJ did not consider all the relevant evidence or adequately articulate his analysis of the evidence. His

**conclusion that the plaintiff's severe impairment does not prevent her from performing a significant number of jobs in the national economy is reversed because it is not supported by the substantial evidence presented in this case.**

**The ALJ stated her most significant impairment is back pain with pain radiating to her hips and legs. In fact, plaintiff suffered from degenerative disc disease at L4-5 and L5-S1, herniated nucleus pulposis L5-S1 and reflex sympathetic dystrophy. The ALJ's rejection of Dr. Cowden's conclusions is based upon pure speculation and is not supported by the substantial evidence in this case.**

**Plaintiff needs medication. What the effect of her medication on her capacity to perform competitive work was not determined by the ALJ nor has he explained why it was not considered.**

**Even Dr. Hutson opined that plaintiff's RSD condition could radiate to other locations as found by plaintiff's treating doctors.**

**In sum, it is clear that plaintiff suffers from exertional and non-exertional conditions; that she is closely approaching advanced age; her education is limited and her semiskilled experience in her past relevant work are not transferrable.**

**The ALJ failed to explain his conclusion that the assessments of the treating doctors are not supported in the record and instead, ignored the many objective and clinical findings supporting the opinions of the treating physicians confirming plaintiff's development of Reflex Sympathetic Dystrophy, ignored the treatment records and reports of Dr. Pledger, failed to articulate and support his reasons of rejecting the limitations imposed by the treating physicians; failed to seek any medical evidence from Dr. Hutson or other medical sources regarding the significance of the post-hearing medical evidence, leaving the assessments of the treating doctors based on the entire record as uncontroverted.**

**Upon a *de novo* review of the record in light of defendant's objections, the Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that the plaintiff's statement of errors be sustained and the matter remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four for an award of benefits according to law.**

**Accordingly, the Court ADOPTS the Report and Recommendation of the United States Magistrate Judge. This case is REVERSED pursuant to Sentence Four of 42 U.S.C. § 405(g) consistent with this opinion and remanded for an award of benefits.**

**This case is TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

                                                **s/Herman J. Weber**
                                          **Herman J. Weber, Senior Judge**
                                           **United States District Court**